**Laurence K. BURGIN,
Appellee/Cross Appellant,**

v.

**IOWA DEPARTMENT OF CORRECTIONS, Hal Farrier, Crispus Nix, Robert Washington, Don Menke, Lieutenant Bowden, Lieutenant Peterson, C/O Freesmeier and C/O Bartholomew, Appellants/Cross Appellees.**

**Nos. 90–1976, 90–1977.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 11, 1991.

Decided Jan. 22, 1991.

---

Thomas Pastrnak and Cathy Woolums, Davenport, Iowa, for appellants/cross appellees.

Gordon Allen and Kristin Ensign, Asst. Attys. Gen., Des Moines, Iowa, for appellee/cross appellant.

Before MAGILL, Circuit Judge, ROSS, Senior Circuit Judge, and HUNTER,* Senior District Judge.

PER CURIAM.

Laurence K. Burgin (Burgin), an inmate at the Iowa State Penitentiary (ISP), was given 3 days of extra work cleaning the showers as punishment for violating a prison rule. Plaintiff refused to do the work and instead lay down in the shower to sleep, using his coat as a pillow. When Corrections Officers Bartholomew and Freesmeier found him sleeping, they called their superior officer, Lieutenant Peterson to the showers. The officers demanded that Burgin give them his coat but he refused their orders. At this time, the three officers were joined at the scene by Lieutenant Bowden.

Burgin then proceeded to put his coat on and stand with his back up against the shower wall, with his arms folded across his chest. The record indicates that at no time did Burgin act in a hostile or threatening manner, he simply refused to give the officers his coat. Peterson then ordered Bartholomew and Freesmeier to remove Burgin's coat. Freesmeier and Bartholomew entered the shower with a plexiglass riot shield and proceeded to pin Burgin against the wall and force him to the floor, where they were able to remove his coat. The record indicates that the officers came at Burgin with such force that the handles of the riot shield broke.

After retrieving the coat, the officers departed from the shower and left Burgin inside. The prison nurse arrived five minutes later. She examined Burgin and found him to have multiple abrasions and contusions, a swollen and bleeding nose and a tender left clavicle.

Burgin then brought this civil rights action pursuant to 42 U.S.C. § 1983, claiming that his right under the eighth amendment to be free from cruel and unusual punishment had been abridged by the ISP correctional officers as well as certain officials at the Iowa Department of Corrections (IDC). In its analysis, the district court[1] considered certain factors set out in *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973): (1) the need for force; (2) the relationship between the need and the amount of force defendants used; (3) the extent of injury inflicted; and (4) whether defendants applied force in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm.

The district court concluded that the IDC officials were not liable, but found for Burgin in his claim against the ISP officers. The district court found that although only Bartholomew and Freesmeier actually used excessive force, Peterson and Bowden, as supervisory officers, also must share in the

---

1. The Honorable Donald E. O'Brien, United States District Judge for the Southern District of Iowa.

responsibility; Peterson for ordering Bartholomew and Freesmeier to proceed with the riot shield and Bowden for failing to take any action to stop the situation when he had a duty to do so. In the matter of damages, the district court awarded Burgin $1,250.00 for pain, suffering and humiliation and $8,896.76 for attorney fees.

The district court rejected the defendants' contentions that Burgin's injuries were self-inflicted and that the riot shield broke because it was defective. The court found that the defendants failed to produce sufficient evidence to support such assertions. In the alternative, defendants argued that the court ought to set aside any award of damages because of the defendants' claim to qualified immunity. However, the district court rejected this argument as well, finding that the defendants should have known that their actions were in violation of the Constitution and therefore, they failed to act in good faith.

Both parties have appealed. The defendants again contend that their actions did not violate Burgin's eighth amendment rights and that they were entitled to qualified immunity. Burgin asserts that he was entitled to a greater amount of damages for his injuries and that he should have received punitive damages. Burgin also argues that the district court erred in concluding that the Iowa Department of Corrections' officials were not liable for his injuries.

We may set aside the factual findings of the district court only where such findings are clearly erroneous. *See* Fed.R.Civ.P. 52(a). A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). We have carefully studied the record, including the district court's opinion and the briefs of the parties, and find that no such mistake

or error of law has been committed. Accordingly, we affirm.